UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GABINO ROMERO-JIMENEZ,<br>EPIGMENIO ROMERO-JIMENEZ,<br><br>　　　　Defendants. | 3:21-CR-00039-RCJ-WGC<br><br>**ORDER** |

Defendants were charged together in a three-count indictment. (ECF No. 18.) The first count alleges that both Defendants conspired to possess with the intent to distribute 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. Count Two alleges that Defendant Epigmenio Romero-Jimenez possessed with the intent to distribute 500 grams of methamphetamine on June 20, 2021 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Count Three alleges that both Defendants possessed with the intent to distribute 500 grams of metham-phetamine on August 26, 2021 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

Pursuant to Defendants' speedy trial rights, they must be tried by November 18, 2021. Trial is currently scheduled for November 15, 2021. On October 18, 2021, the Court held a hearing where Defendant Epigmenio Romero-Jimenez requested a continuation of trial to allow for further

discovery and review thereof. (ECF No. 37 (minutes of proceedings).) During this hearing, the Government consented to a continuation, but Defendant Gabino Romero-Jimenez declined to consent to waive his speedy trial rights and insists the trial proceed on November 15, 2021. (*Id.*) Defendant Gabino Romero-Jimenez further moved to sever the case such that his trial could proceed on November 15, 2021, while Defendant Epigmenio Romero-Jimenez could have a trial at a later date. (*Id.*) The Court indicated it would not grant this motion and instructed the Government to respond via a brief, then the Court would issue a written order denying Defendant Gabino Romero-Jimenez's oral motion. (*Id.*) The Government has submitted its response. (ECF No. 42.) This is the written order denying Defendant Gabino Romero-Jimenez's oral motion.

"Joint trials play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). "They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson*, 481 U.S. at 210). "[J]oint trials of persons charged together for committing the same offense expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens to sacrifice time and money to serve on juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977). This is especially true of conspiracy cases. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011); s*ee also United States v. Polizzi*, 500 F.2d 856, 901 (9th Cir. 1974) ("For obvious reasons, a joint trial is particularly appropriate where conspiracy is charged.")

Fed. R. Crim. P. 14(a) allows a criminal defendant to move for severance of a joint case "to avert prejudice to a defendant." "The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair

trial." *United States v. Rudolph*, No. 2:14-cr-00399, 2015 WL 1326419, at *3 (D. Nev. Mar. 25, 2015) (Leen, J.) (citing *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) and *United States v. Vasquez–Velasco*, 15 F.3d 833, 843 (9th Cir. 1994)). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would [1] compromise a specific trial right of one of the defendants, or [2] prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Even if such prejudice is possible without severance, severance is still not compelled if "limiting instructions . . . suffice to cure any risk of prejudice." *Id.*

Defendant Gabino Romero-Jimenez failed to point to any prejudice he would suffer if he were tried jointly. Courts have found such prejudice where an incriminating confession by a codefendant could only be introduced because the trial was held jointly, *Bruton v. United States*, 391 U.S. 123, 124 (1968), or where there are mutually exclusive defenses such that "acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991). Defendant Gabino Romero-Jimenez does not raise either or any other basis for this Court to find manifest prejudice absent severance—let alone prejudice that could not be cured through less intrusive means such as limiting instructions.

In addition, the Court finds that holding the trial jointly would prevent undue delays, save judicial and government resources, and prevent the need to impose upon witnesses and potential jurors. The Court therefore denies the motion.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant Gabino Romero-Jimenez's Oral Motion to Sever his trial with Defendant Epigmenio Romero-Jimenez is DENIED.

IT IS SO ORDERED.

Dated October 19, 2021.

_____
ROBERT C. JONES
United States District Judge